UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES JUDSON HOLBROOK,

        Plaintiff,                   Case No. 1:16-cv-829

v.                                      Honorable Paul L. Maloney

JAMES ROBERT REDFORD,

        Defendant.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Charles Judson Holbrook presently is incarcerated with the Michigan Department of Corrections at the Baraga Maximum Correctional Facility. In his amended complaint, Plaintiff sues former Kent County Circuit Court Judge James Robert Redford.

Plaintiff makes the following allegations:

> While "acting" as a judge – James Robert Redford denied my every constitutional right – I was arrested on August 4, 2009, with a false and illegal "arrest warrant[.]" Preliminary exam was set for August 19, 2009. The state did not show up – It had no case. There was no evidence of any wrong-doing. My bail was $500,000.00 in violation of Michigan Constitution Art 1 - Sec 16 "Excessive bail shall not be required" – I lived in the area 60 years – I had money, property and means. I had children, grand children – great grand children – The state has no crime and no "victim" – the state detained witnesses with threats of criminal prosecution – "Nor shall witnesses be unreasonably detained" – I was not charged with a crime until December 22, 2009. I have not been allowed to defend myself in any court – On April 26, 2010, Judge Redford twice denied my constitutional right to stand in court without counsel. Article 1 - Sec 13 - "Has the right to prosecute or defend" in his own proper person –
>
> . . .
>
> I need this court to recognize my right as a United States citizen. I need to be ordered into federal custody – This court has made it clear that I am not to be granted any consideration by this court – I have presented constitutional issues to this court and I am ignored. Not acceptable.

(Compl., ECF No. 27, PageID.92-93.)

**Discussion**

I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not

contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that then-Judge Redford violated his rights under the Michigan constitution and, presumably, the United States Constitution, by imposing excessive bail on Plaintiff and preventing him from representing himself in criminal proceedings that occurred in 2009 and 2010. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that, in setting bail and determining whether Plaintiff would be permitted to represent himself, Judge Redford was acting within his jurisdiction in doing so. In fact, Plaintiff expressly states that Judge Redford was "'acting' as a judge." (Compl., ECF No. 1, PageID.92.) Accordingly, Judge Redford is absolutely immune from liability. Because Judge Redford is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for

an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). A dismissal on the grounds of judicial or prosecutorial immunity is a dismissal for failure to state a claim. *See Boddie v. Van Steyn*, No. 2:15-cv-06, 2015 WL 631490, at *1 (S.D. Ohio Feb. 13, 2015); *see also Elliott v. Causeys Junkyard and Auto Parts*, No. 1:14CV-P123-GNS, 2015 WL 420192, at *3 (W.D. Ky. Jan. 30, 2015) (prosecutor entitled to immunity and case dismissed as frivolous and for failure to state a claim); *Bumpas v. Tennessee*, No. 3:13-cv-378, at *4, 2013 WL 1836004 (M.D. Tenn. May 1, 2013) (judicial and prosecutorial immunity applied and case dismissed for failure to state a claim); *McCoy v. Oswalt*, 2:07-CV-230, 2007 WL 1674262, at *3 (S.D. Ohio June 7, 2007) (prosecutorial immunity applied and claim dismissed for failure to state a claim).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in*

*forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   October 27, 2016           /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge